UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

ANTON BIRCH,

                              Plaintiff,

              -v-

THE CITY OF NEW YORK, New York City Human
Resources Administration Officer ("P.O.") LAMONT
PIPER, Shield No. 1918 and New York City Police
Department Officer EDWARD CARRASCO-JIMENEZ,
Shield No. 016880,

                              Defendants.

-------------------------------------------------------------------x

**COMPLAINT
AND DEMAND
FOR A JURY TRIAL**

Index No. 15-CV-_5993_

    Plaintiff ANTON BIRCH, through his attorney Mark C. Taylor of Rankin & Taylor,

PLLC as and for his complaint, does hereby state and allege:

### PRELIMINARY STATEMENT

1. This is a civil rights action brought to vindicate plaintiff's rights under the First, Fourth, and
   Fourteenth Amendments of the Constitution of the United States, through the Civil Rights
   Act of 1871, *as amended*, codified as 42 U.S.C. § 1983..

2. Plaintiff ANTON BIRCH'S rights were violated when officers of the NEW YORK CITY
   HUMAN RESOURCES ADMINISTRATION ("HRA") unconstitutionally and without any
   legal basis arrested him without justification. By reason of defendants' actions, including
   their unreasonable and unlawful seizure of his person, he was deprived of his constitutional
   rights.

3. Plaintiff seeks an award of compensatory and punitive damages and attorneys' fees.

1

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. §§ 1331, 1343(a)(3-4). This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of the First, Fourth, and Fourteenth Amendments to the Constitution of the United States.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that plaintiff's claim arose in the Southern District of New York.

6. An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. §1988.

## PARTIES

7. Plaintiff ANTON BIRCH ("BIRCH") was at all times relevant to this action a resident of the County of Bronx in the State of New York.

8. Defendant THE CITY OF NEW YORK ("CITY") is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the HRA.

9. HRA Officer LAMONT PIPER is and was at all times relevant herein an employee and agent of the HRA.

10. New York City Police Department ("NYPD") Officer ("P.O.") EDWARD CARRASCO-JIMENEZ is and was at all times relevant herein an employee and agent of the NYPD.

11. The individual defendants are being sued herein in their individual capacities.

12. At all times relevant herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers

of NYPD and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the NYPD at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the NYPD and incidental to the lawful pursuit of their duties as officers, employees and agents of the NYPD.

## STATEMENT OF FACTS

13. Mr. BIRCH was falsely arrested by defendant P.O. PIPER on November 27, 2013 at approximately 6:00 P.M. inside of the NYC Human Recourses Administration Office at 1365 Jerome Avenue in the County of the Bronx.

14. On the date of his arrest Mr. BIRCH was in the HRA office responding to correspondence from the HRA.

15. Mr. BIRCH was approached by a security officer at the HRA office and told that the office was closed.  Mr. BIRCH explained to the officer that the HRA office closed at 6:00 PM and it was not yet 6:00 P.M.

16. Mr. BIRCH requested an opportunity to speak with the officer supervisor.

17. Mr. BIRCH was approached by defendant HRA officer PIPER.

18. Mr. PIPER then struck Mr. BIRCH, causing injuries to his shoulder and lower back.

19. Mr. PIPER then placed Mr. BIRCH under arrest.

20. Mr. PIPER recovered a small common folding knife from Mr. BIRCH's pocket.

21. Mr. BIRCH was detained at the 44th Precinct and then Bronx Central Booking before being arraigned on November 28th, 2013.

22. Mr. BIRCH was charged with three counts of trespass and criminal possession of a weapon based on a criminal complaint executed by Defendant P.O. CARRASO-JIMENEZ who falsely identifies the knife carried by Mr. BIRCH as a "gravity knife".

23. As a result of his handcuffing and arrest, Mr. BIRCH experienced pain, suffering, mental anguish, and humiliation.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF RIGHTS
## UNDER THE UNITED STATES CONSTITUTION THROUGH 42 U.S.C. § 1983
### (Against all Defendants)

24. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

25. Defendants, under color of state law, subjected the plaintiff to the foregoing acts and omissions, thereby depriving plaintiff of his rights, privileges and immunities secured by the First, Fourth, and Fourteenth Amendments to the United States Constitution, including, without limitation, deprivation of the following constitutional rights: (a) freedom from unreasonable seizure of his person; (b) freedom from arrest without probable cause; (c) freedom from false imprisonment; (d) freedom from the lodging of false charges against him by police officers; and (e) freedom from having police officers fabricate evidence against him.

26. Defendants' deprivation of plaintiff's constitutional rights resulted in the injuries and damages set forth above.

## SECOND CLAIM
## LIABILITY OF THE CITY OF NEW YORK FOR CONSTITUTIONAL
## VIOLATIONS

4

27. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

28. At all times material to this complaint, defendant THE CITY OF NEW YORK had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein, to wit, arresting individuals in possession of legal common folding knives.

29. At all times material to this complaint, defendant THE CITY OF NEW YORK failed to properly train, screen, supervise, or discipline its employees and police officers, including defendants P.O. CARRASCO-JIMENEZ and HRA Officer PIPER, and failed to inform the individual defendant's supervisors of their need to train, screen, supervise or discipline the individual defendants, concerning the proper parties who may be arrested.

30. The policies, practices, customs, and usages, and the failure to properly train, screen, supervise, or discipline, were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

31. As a result of the foregoing, plaintiff was deprived of liberty, suffered emotional distress, humiliation, costs and expenses, and was otherwise damaged and injured.

## JURY DEMAND

32. Plaintiff demands a trial by jury in this action on each and every one of his damage claims.

WHEREFORE, plaintiff demands judgment against the defendants individually and jointly and prays for relief as follows:

a. That he be compensated for violation of his constitutional rights, pain, suffering, mental anguish and humiliation; and

5

b.      That he be awarded punitive damages against the individual defendants; and

c.      That he be compensated for attorneys' fees and the costs and disbursements of this action; and

d.      For such other further and different relief as to the Court may seem just and proper.


Dated:   New York, New York
         July 28, 2015

                                        Respectfully submitted,

                              By:       _____
                                        Mark C. Taylor
                                        Rankin & Taylor, PLLC
                                        *Attorneys for the Plaintiff*
                                        11 Park Place, Suite 914
                                        New York, New York 10007
                                        t: 212-226-4507